The People ex rel. John H. Atkinson et al., Commissioners of Highways, etc., Appellants, *v.* Gilbert Tompkins, Jr., Supervisor, etc., Respondent.

Under section one of the act extending the power of boards of supervisors (§ 1, chap. 855, Laws of 1869, as amended by chap. 260, Laws of 1874), which confers power on said boards, with the consent of certain town officers, to authorize the borrowing of money on the credit of a town for the building and repair of roads and bridges, it is not essential that the town officers named should meet for the purpose of determining the amount to be borrowed on the first Monday of September; the provision of said section requiring a meeting on that day in each year is directory merely, and it is sufficient if meeting is held prior to the first Monday of October.

The provision of said section authorizing the board of supervisors to prescribe the form of obligation to be issued for the loan includes the naming of the town officer who is to execute the obligation, and they may impose this duty upon the supervisor of the town.

Where the specified officers of a town have met within the time limited by the section and have determined the amount to be borrowed and the board of supervisors has conferred the requisite authority to issue bonds of the town for the amount, no subsequent meeting of said officers is necessary for the purpose of authorizing or consenting to such issue.

Where a supervisor of a town is required by the board to execute the bonds, it is no excuse for a refusal that the certificate of consent required by said section to be indorsed by the town clerk upon the bonds is not in due form; a proper certificate can be added as well after as before the execution, and it is the duty of the supervisor to see that any error is rectified.

Section two of said act provides for a different and distinct class of cases from those provided for in section one, and a supervisor of a town required to issue bonds, under and in pursuance of section one, is not justified in refusing so to do because two-thirds of the members of the board of supervisors did not assent to the resolution authorizing the loan and directing such issue, or because it did not receive his affirmative vote, as required in cases included in section two.

(Argued January 18, 1876; decided January 25, 1876.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, reversing an order of Special Term directing the issue of a writ of peremptory

mandamus to defendant, as supervisor of the town of Cornwall, Orange county, directing him to borrow, on the credit of the town, the sum of $3,500 to build and repair certain roads therein, and to execute certain bonds for that purpose. (Reported below, 6 Hun, 299.)

On the 24th September, 1874, in pursuance of section one, of chapter 855, Laws of 1869, as amended by chapter 260, Laws of 1874, the town officers of said town of Cornwall met to determine the amount of money necessary for highway purposes; at which meeting a certificate in writing was executed by the commissioners of highways, the town clerk and three of the four justices of the peace, to the effect that they deemed it necessary to raise the sum of $3,500 for the building and repair of certain specified roads, and giving their consent that such sum be borrowed on the credit of the town. This certificate was presented to the board of supervisors of the county at its next annual meeting and said board adopted a resolution directing the supervisor of said town to borrow said sum, on the credit of the town, for the purposes specified, and directing that for the loan the bonds of the town should be given, executed by the supervisor and town clerk. Two-thirds of the members of the board did not vote for the resolution, and defendant who, as supervisor of said town of Cornwall, was a member of the board, voted against it. No subsequent meeting of the town officers of Cornwall was held for the purpose of consenting to the issue of the bonds. Bonds to the amount named were presented by the relators to defendant, and he was requested to execute and negotiate the same. This he refused to do. Upon the bonds, as presented, were indorsed certificates of the town clerk to the effect that they were issued with the written consent of the commissioners of highways, town clerk and justices of the peace of the town, given at a meeting held September 24, 1874.

*Samuel Hand* and *Lewis Beach* for the appellants. The fact that the meeting was not held on the first Monday in September does not invalidate the action of the town officers.

(*Julian* v. *Rathbone*, 39 N.·Y., 369; *People* v. *Suprs. Ulster Co.*, 34 id., 268; *People* v. *Village of Yonkers*, 39 Barb., 268; Potter's Dwar. on Stat., note 29, pp. 222–226.) It was not necessary that all four justices should sign the certificate of consent. (2 R. S. [2d Edm. ed.], 575; *People* v. *Nichols*, 52 N. Y., 478.)

*H. Gedney* for the respondent. The proceedings of the town officers in making and signing the certificate were void. (*People* v. *Suprs. of Ulster*, 34 N. Y., 268; 39 id., 196; *Sears* v. *Burnham*, 17 id., 448; 2 Dal., 316; 4 Pet., 152; *Sharp* v. *Spiers*, 4 Hill, 76.)

Miller, J. This appeal involves the construction to be placed upon the first and second sections of chapter 855, of the Laws of 1869 as amended by chapter 260 of the Laws of 1874, which several acts relate to the extension of the powers of boards of supervisors, except in the counties of New York and Kings. It is evident upon a careful perusal of the sections referred to, that the intention of the Legislature was to provide for two classes of cases, and each one distinct and separate from the other. By the first section the board of supervisors are vested with power to authorize the supervisor of any town in the county, with the consent of other town officers who are named, to borrow such sum of money, upon the credit of the town, not exceeding one-half of one per cent on the assessed valuation, as said town officers may deem necessary, to build or repair roads and bridges. The board are also to prescribe the form of the obligation to be issued for the loan, the time and place of payment, the rate of interest, and to impose a tax for the collection of the same as provided. The provision cited also contains directions as to the meeting of the town officers to determine what amount shall be borrowed, the issuing of the bonds and other matters connected with the same, and the entire section constitutes a complete system for incurring the debt and its payment, upon the application of the town officers named and

the co-operation of the board of supervisors. This plan could be made effective by means of the section cited above and of itself without regard to any other provision of the act in question ; and in cases where the application is instituted originally by the town officers named, the proceedings of the board are to be conducted the same as any other proceedings had before them.

The second section of the act partakes entirely of a different character. It nowhere refers to the preceding section, or to any proceedings had by virtue thereof. The town officers are not named in any way, and it was manifestly designed to provide for cases where the application was not made by the officers named, acting under and by virtue of the provision contained in the first section of the act, but by some other party, or by some officer, independent of the said section. It confers upon the board of supervisors additional and different powers than those to be exercised under the first section, and authorizes them to provide for the use of abandoned turnpikes, plank or macadamized roads as public highways, as well as the improvement of public highways, and the location, erection, repair and purchase of bridges. Some of them are improvements not embraced in the first section of the act, and even if the latter may include the former, it is nevertheless evident that the section last cited was not intended to include cases where the town officers as such had made the application ; and it was for this reason no doubt that the vote of two-thirds of the members of the board was required, as well as the affirmative vote of the supervisor of the town or ward affected by the debt to be incurred. It cannot be claimed that any consent of the town officers is necessary under the second section, nor can the two sections be construed together so as to be harmonious and consistent. They are incongruous and in conflict with each other, and cannot be reconciled with any rule of interpretation applicable to the construction of statutes. It follows that the supervisor was not justified in refusing to issue the bonds upon the ground that the second section had not been complied with.

Nor is there any other valid ground of objection to the proceedings.

The provision requiring that the town officers meet at a time named in the statute is merely directory, and it was sufficient that a meeting was held prior to the first Monday of October instead of the precise day specified.

The board were fully authorized to prescribe the form of the obligations to be issued for the debt created, and this necessarily included the name of the officer who was to execute the same, and therefore they did not exceed their powers in requiring the supervisor to execute the bonds.

The point taken, that the bonds presented for signature were not in compliance with the statute because the certificate was insufficient, is without foundation. The language of the certificate was sufficient to show what was intended, and was substantially in accordance with the statute. But if it was not, as the statute was directory in this respect, and the certificate could be added after the bonds were executed as well as before, it was not material. It certainly was not a reason for refusing to issue the bonds when no objection was made to the form of the same by the supervisor whose duty it was to see that they were in proper form, and to rectify any error which may have existed. Nor was any meeting necessary for the purpose of authorizing the issuing of the bonds, after the board of supervisors had conferred the requisite authority.

The proceedings throughout were regular and valid, and the order of the General Term should be reversed, and a mandamus issue as directed by the Special Term, with costs.

All concur.

Ordered accordingly.